WINDSOR et al. v. FREEMAN. (No. 6066.)

(Court of Civil Appeals of Texas. San Antonio. June 19, 1918.)

TRESPASS TO TRY TITLE ⟨key⟩6(1)—PLAINTIFF'S TITLE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7733, par. 4, as to plaintiff's possession, plaintiff could not maintain trespass to try title, where prior to suit he had conveyed the land by warranty deed, although his deed reserved vendor's lien to secure several notes, and provided for reconveyance by purchaser if plaintiff could not secure possession for the purchaser.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by Lester Windsor and others against J. D. Freeman. Judgment for defendant, and plaintiffs appeal. Affirmed.

Glasscock & McDaniel, of McAllen, for appellants. Dougherty & Dougherty, G. C. Robinson, and H. S. Bonham, all of Beeville, for appellee.

SWEARINGEN, J. The appellants, Lester Windsor, John Closner, J. G. Fernandez, and C. E. Hammond, brought this suit in the form of trespass to try title and for damages against J. D. Freeman, and specially pleaded the chain of title and in the alternative title by limitation. The property involved was a block of land in the town of San Juan upon which was a waterworks plant. This property was sequestered by appellants. The trial

was by the court without a jury. Judgment was rendered against appellants in their suit for title and possession, and also against them for $1,135 for the value of the personal property converted by appellants by the sequestration, and title to this converted personal property was, by the decree, vested in appellants. All costs were adjudged against appellants.

During the introduction of the evidence of title in appellants it developed that prior to the filing of the suit the appellants had executed and delivered a warranty deed to F. C. Platt, by which the land in this litigation was conveyed, together with other lands. The deed reserved a vendor's lien to secure several notes. The deed also contained a clause, stating that Freeman was in possession of the waterworks block under claim of ownership, which possession and claim was to be acquired by the vendors, who are the appellants, or, if not acquired, then the vendee, Platt, was obligated to reconvey to his vendors by quitclaim and receive a credit of $1,500 on the notes executed for the purchase price of this waterworks lot, and the other lands conveyed by the said deed. None of the vendor's lien notes were matured at the time of the filing of this suit, and no reconveyance had been made to the grantors, who are the appellants. When the evidence indisputably revealed that appellants were not entitled to the possession of the property sued for, judgment was rendered against them.

All of the assignments from various angles assail the correctness of the court's decree that appellants were not entitled to possession of the property, and did not own it, because of the deed to Platt. A trespass to try title is a statutory procedure, and fourth paragraph of Vernon's Sayles' Ann. Civ. St. 1914, art. 7733 (5250) (4687) requires the petition to state that the plaintiff was in possession of the premises or entitled to such possession. This allegation must be proven. After appellants sold the land to Platt, which was prior to the institution of the suit, they were neither in possession nor entitled to possession. Stephens v. Motl, 82 Tex. 81, 18 S. W. 99; State v. Dayton Lumber Co., 106 Tex. 41, 155 S. W. 1178; Carey v. Starr, 93 Tex. 508, 56 S. W. 324; Edrington v. Newland, 57 Tex. 627. The clause in the deed, which required appellants to pay the costs of quieting title, did not entitle appellants to possession of the land; neither did the promise of Platt, the vendee, to reconvey by quitclaim deed, for no such deed has been executed. The court properly held that appellants could not prevail in this suit under the evidence.

Dependent upon the contention of appellants that they owned the land and were entitled to the possession thereof, it is urged that the judgment for $1,135, in favor of ap-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellee for the value of the property sequestered by appellants is error. There is evidence that appellee owned the personal property and ·was in rightful possession of the waterworks plant; that appellants did not own it, and were not entitled to possession thereof. Notwithstanding this, appellants took possession of same and converted it to their own use. There is also evidence of value that·will sustain the amount found by the court.

We overrule all the assignments.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes